RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 7 / 16 / 12

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| MULUGETA ANDEBET WORKU,<br>    Petitioner<br>VERSUS | CIVIL ACTION<br>NO. 1:12-CV-01808 |
| DAVID COLE, et al.,<br>    Respondent | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Mulugeta Andebet Worku ("Worku"), a citizen of Ethiopia and a lawful permanent resident of the United States who is being detained by Immigration and Customs Enforcement ("ICE"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on July 1, 2012, contesting his continued detention, pending completion of his administrative proceedings, pursuant to Demore v. Kim, 538 U.S. 510, 513, 123 S.Ct. 1708 (2003), and Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001).[1] Worku is presently

---

[1] On May 11, 2005, the Real ID Act of 2005 was enacted as part of the Emergency Supplemental Appropriations Act for Defense, The Global War on Terror, and Tsunami Relief, 2005. P.L. 109-13, 2005 HR 1268. The Real ID Act deprives the district courts of habeas jurisdiction to review orders of removal, 8 U.S.C. § 1252(a)(5), as added by § 106(a)(1)(B) of the Real ID Act, Pub.L. 109-13, and further provides that habeas cases "challenging a final administrative order of removal" be transferred to the courts of appeals to be treated as petitions for judicial review, Real ID Act, § 106(c).
   As indicated in the legislative history of the Act, those provisions were not intended to "preclude habeas review over challenges to detention that are independent of challenges to removal orders." H.R. Cong. Rep. No. 109-72, 2873 (May 3, 2005). Hernandez v. Gonzales, 424 F.3d 42, 42-43 (1st Cir. 2005). Also,

confined in the LaSalle Detention Facility in Jena, Louisiana.

Worku was convicted, in Virginia in 2010, of possession with intent to distribute marijuana and possession with intent to distribute marijuana as an accommodation. Removal proceedings were subsequently instituted against him and Worku alleges he conceded removability, but requested asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). An immigration judge found Worku was ineligible for withholding of removal because his convictions constituted "particularly serious crimes," and granted Worku relief under the CAT, deferring his removal to Ethiopia.

Worku appealed the ruling that he was ineligible for withholding of removal, and the Board of Immigration Appeals remanded the case to the Immigration Judge for further consideration as to whether Worku's crimes constituted "particularly serious crimes." On remand, on June 18, 2012, the Immigration Judge again found that Worku's convictions constituted particularly serious crimes, and set another hearing for August 13, 2012 to again consider Worku's application for withholding of removal.

The DHS appealed the Immigration Judge's grant of relief under the CAT, and that appeal is still pending.

---

Singh v. Holder, 638 F.3d 1196, 1211 (9th Cir. 2011); Nnadika v. Attorney General, 484 F.3d 626, 632 (3d Cir. 2007).

Worku did not request a "Joseph hearing,"[2] but instead filed this habeas petition requesting release from detention pending a final order of removal. Worku contends his case will not end within a reasonable time, that he is not a danger to the community or flight risk, and that he has not received a bail hearing. Worku contends his request to be released was denied by ICE solely because the Department of Homeland Security disagrees with the immigration judge's finding that he is entitled to relief under the CAT and has appealed that ruling. Worku argues that his eighteen month detention is not reasonable and, therefore, not authorized by 8 U.S.C. § 1226. For relief, Worku asks this court to order the respondents to show cause why a writ of habeas corpus should not be granted and Worku released pending completion of his ICE administrative proceedings.[3]

Law and Analysis

1.

First, it is noted that Worku contends he is entitled to a court hearing within three days of filing his petition, pursuant to 28 U.S.S. § 2243.[4] However, Section 2243 states that the writ or

---

[2] Joseph hearings are discussed in the next section of the report, on page 5.

[3] Worku's complaints as to his conditions of confinement while awaiting a decision are not properly raised in a habeas petition.

[4] Section 2243 provides in pertinent part (emphasis added):

order to show cause shall be *returned* within three days, and the hearing set within five days after the return, unless good cause is shown to grant additional time, not to exceed 20 days. The statute also provides that the habeas petition may be dismissed upon review prior to service on the Respondents.

Therefore, Section 2243 does not entitle Worku to a hearing within three days of filing his petition.

2.

Next, Worku contends he is not subject to mandatory detention under Section 1226(c) because he has "substantial defenses" to removal, through the CAT.[5] Since Worku has not mentioned it in his

---

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto.*
>
> The writ, or order to show cause shall be directed to the person having custody of the person detained. It *shall be returned within three days* unless for good cause additional time, not exceeding twenty days, is allowed.
>
> The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.
>
> *When the writ or order is returned a day shall be set for hearing, not more than five days after the return* unless for good cause additional time is allowed.

[5] An alien may challenge detention under § 1226(c) through a habeas corpus proceeding under 28 U.S.C. § 2241. Demore v. Kim, 538 U.S. 510, 517, 123 S.Ct. 1708 (2003).

4

brief, it appears that Worku has not requested a Joseph hearing before the Immigration Judge. In many cases in which a person is mandatorily detained, the detainee may request a Joseph hearing. In re Joseph, 22 I. & N. Dec. 799 (BIA 1999). At such a hearing, the detainee may raise any nonfrivolous argument available to demonstrate that he was not properly included in a mandatory detention category. See 8 U.S.C. § 1003.19(h)(2)(ii); Demore v. Kim, 538 U.S. 510, 514, 123 S.Ct. 1708 (2003). Worku has not alleged or shown that he requested and received a Joseph hearing.[6]

Worku has not cited any statutory or jurisprudential authority creating an exception to the applicability of Section 1226(c) (mandatory detention) based on a finding that he is entitled to relief under the CAT. Instead, Worku argues that application of Section 1226(c) to him is unconstitutional due to the Immigration Judge's finding that he is entitled to relief under the CAT. However, since the government has appealed that ruling, Worku does not yet have a final judgment in his favor on that issue. Therefore, it is clear that Worku's claim is not yet ripe.

This ground for relief is not properly before the court at this time.

---

[6] Although there is no statutory exhaustion requirement in 28 U.S.C. § 2241, a Joseph hearing, followed by an appeal to the BIA, would be appropriate administrative remedies in this case. However, exhaustion is not a jurisdictional requirement to consideration of Worku's Section 2241 claims. See Arango Marquez v. I.N.S., 346 F.3d 892, 897 (9th Cir. 2003).

5

3.

Next, Worku contends the Respondents have violated his right to a bail hearing.

Under the pre-removal-order statute, 8 U.S.C. § 1226, ICE can detain any alien pending a decision in removal proceedings against that alien, and can release on bond any alien not otherwise ineligible for such release. Section 1226 expressly provides for mandatory detention during removal proceedings of aliens who are removable on account of their commission of certain enumerated offenses, including aggravated felonies. Once removal proceedings terminate in an order of removal, however, the alien's detention is governed by 8 U.S.C. § 1231(a).

Worku was convicted in Virginia of possession with intent to distribute marijuana and possession with intent to distribute marijuana as an accommodation; he was sentenced to less than one year imprisonment on each count. Worku's convictions caused him to be deportable under 8 U.S.C. § 1227(a), which provides in pertinent part:

> (a) Classes of deportable aliens:
> Any alien (including an alien crewman) in and admitted to the United States shall, upon the order of the Attorney General, be removed if the alien is within one or more of the following classes of deportable aliens:
>    *   *   *
> (2) Criminal offenses
>    *   *   *
>  (B) Controlled substances
>   (i) Conviction
>   Any alien who at any time after admission has been convicted of a violation of (or a

> conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable.

Worku's notice from ICE and the Decision and Order of the Immigration Judge both indicate he is being charged with convictions for drug trafficking offenses (Doc. 1, Exs.) and, thus, subject to mandatory detention during his removal proceedings pursuant to Section 1226(c). Section 1226(c) provides, in pertinent part:

> (c) Detention of criminal aliens
> (1) Custody
> The Attorney General shall take into custody any alien who- ...
> (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
>   *  *  *
> (e) Judicial review.
> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole."

Congress, justifiably concerned that deportable criminal aliens who were not detained would continue to engage in crime and would fail to appear for their removal hearings in large numbers, found that such aliens could be detained for the brief period necessary for their removal proceedings without providing for

individualized determinations as to whether aliens presented flight risk. <u>Demore v. Kim</u>, 538 U.S. at 513. In <u>Demore v. Kim</u>, the Supreme Court held that mandatory detention of criminal aliens (including lawful permanent resident aliens) during removal proceedings under 8 U.S.C. § 1226(c) is constitutionally valid even where there has been no individualized finding that the alien is unlikely to appear for his deportation hearing. In <u>Diop v. ICE/Homeland Security</u>, 656 F.3d 221 (3d Cir. 2011), the court held that ICE can detain an alien when it has some level of suspicion, but has not reached a definitive legal conclusion, that the alien's conviction is covered by Section 1226(c). Thus, Worku's detention pursuant to a no-bail provision of the Immigration and Nationality Act (INA), does not violate Worku's due process rights under the Fifth Amendment.

This ground for relief is meritless.

3.

Worku also complains his pre-removal-order detention for eighteen months is unreasonable.

Mandatory detention of a permanent resident alien does not violate due process. <u>Oyelude v. Chertoff</u>, 125 Fed. Appx. 543, 546 (5th Cir. 2005). Also, <u>Kim v. Demore</u>, 538 U.S. at 531, 123 S.Ct. at 1722. In the case at bar, Worku states in his brief that he conceded he is deportable in his removal proceedings.

The Fifth Circuit held in Oyelude, 125 Fed. Appx. at 546,[7] citing Demore v. Kim, that courts retain jurisdiction to review an alien's pre-removal-order detention insofar as that detention presents constitutional issues, such as those raised in a habeas petition. Also, Wilson v. Mukasey, 2010 wl 456777 (W.D.La. 2010); Garza-Garcia v. Moore, 539 F.Supp.2d 899 (S.D.Tex. 2007)("Court retains jurisdiction to review Garza's detention insofar as that detention presents constitutional issues, such as those raised in a habeas petition").

Some courts have held that mandatory detention under Section 1226(c) can be unreasonably long, entitling the detainee to a detention hearing and possible release. The court in Diop, 656 F.3d at 233, held (consistent with Justice Kennedy's concurrence in Demore v. Kim) that Section 1226(c) is unconstitutional when it is applied to detain someone for an unreasonable length of time without further individualized inquiry into whether detention is necessary to carry out the purposes of the statute. Where pre-removal-order detention become unreasonably long, the court may step in pursuant to 28 U.S.C. § 2241 and order ICE/DHS to show cause for the lengthy detention and make a determination as to whether the length of the detention is unreasonable. See Diop, 656 F.3d at 233-234 (thirty-five month pre-removal-order detention

---

[7] Oyelude did not involve a mandatory detention pursuant to Section 1226(c).

9

pursuant to Section 1226(c) unreasonable). Also, <u>Leslie v. Attorney General</u>, 678 F.3d 265 (3d Cir. 2012)(four year "pre-removal" detention was unreasonable, noting that part of the four year delay was due to Leslie's successful appeals); <u>Wilson</u>, 2010 wl 456777, *6-*7 (pre-removal-order detention pursuant to Section 1226(c) for over four years was not unreasonable since the delay was primarily due to petitioner's dilatory tactics); <u>Tijani v. Willis</u>, 430 F.3d 1241 (9th Cir. 2005)(two year and eight month pre-removal-order detention pursuant to Section 1226(c) was unreasonable); <u>Ly v. Hansen</u>, 351 F.3d 263, 273 (6th Cir. 2003)(the government may detain prima facie removable criminal aliens, without bond, for a reasonable period of time required to initiate and conclude removal proceedings promptly).

On the other hand, other district courts have relied on 8 U.S.C. § 1252(b)(9) to find no jurisdiction to consider a challenge to the applicability of the mandatory pre-removal detention provisions of Section 1226(c) until the final order of removal is entered because the mandatory detention issue arises from the proceeding brought to remove the alien. At that point, jurisdiction lies in the appropriate court of appeal.[8] See <u>Flores-Powell v. Chadbourne</u>, 677 F.Supp.2d 455, 464-466 (D.Mass. 2010);

---

[8] However, as noted by the court in <u>Kapiamba</u>, 2009 wl 1406648 at *2 n.2, when there is a final order of removal, the alien becomes detained pursuant to 8 U.S.C. § 1231, and habeas issues as to the validity of his/her pre-removal-order detention pursuant to Section 2336(c) becomes moot.

10

Kapiamba v. Gonzales, 2009 wl 1406648 (W.D.Mich. 2009).

There are no rulings from the Fifth Circuit on this issue.

In the case at bar, Worku contends he has been detained eighteen months pending completion of his removal proceedings. However, those proceedings appear to have moved forward steadily. They have been lengthened by appeals by both parties and a remand by the BIA. It is noted that Worku has conceded his removability, he has not prevailed on remand, his convictions have twice been found by an Immigration Judge to be "particularly serious," and Worku's proceedings have been delayed by his attempt to avoid removal through a CAT determination which the DHS has challenged. Neither side appears to have engaged in dilatory tactics.

Assuming this court may review Worku's pre-removal-order detention, it does not appear that Worku's eighteen month detention has been unreasonable. Worku's case has involved cross-appeals and a remand, but has steadily moved forward. Therefore, Worku's period of mandatory detention pursuant to Section 1226(c) has not yet become unreasonably long.

This ground for habeas relief is also meritless.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Worku's habeas petition be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from

service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 16th day of July 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE